UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:21-CV-893 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FIDELITY NATIONAL TITLE GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A. ("BANA")'s motion to remand to state court. (ECF No. 6). Defendant Chicago Title Insurance Company ("Chicago Title") filed a response (ECF No. 21), to which BANA replied (ECF No. 23).

Also before the court is Chicago Title's request for judicial notice.[1] (ECF No. 22).

**I.  Background**

The instant action is one of the many title insurance suits currently pending in Nevada courts. BANA is the beneficiary of deeds of trust encumbering two properties in Nevada: 10728 Knickerbocker Ave., Las Vegas, Nevada 89166 (the "Muro deed") and 7902 Muldrow Street, Las Vegas, Nevada 89139 (the "Faris deed"). (ECF No. 6 at 3–4). Both properties were subject to foreclosure sales. (*Id.*) As part of loan origination for the purchase of each property, Chicago Title and Chicago Title Agency of Nevada ("Chicago Nevada")—the Nevada agent of Chicago Title—entered into insurance contracts that guaranteed the superiority of the deeds over competing liens, including any liens that homeowners' associations might have in foreclosure.

---

[1] Chicago Title's request is GRANTED. The court takes judicial notice of the offered record as a matter of public record.

**James C. Mahan**
**U.S. District Judge**

1  (*Id.*)  After the foreclosure sales, BANA submitted claims under those title insurance contracts,
2  which were denied.  (*Id.*)

3  BANA then filed the instant litigation in Nevada state court on May 6, 2021.  (ECF No.
4  1-1).  Chicago Title removed the action to this court the same day before any defendant was
5  served.  (ECF No. 1).

6  **II.  Legal Standard**

7  A defendant can remove any civil action over which the district court has original
8  jurisdiction.  28 U.S.C. § 1441(a).  Yet federal courts are courts of limited jurisdiction.  *Owen*
9  *Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  That is why there is a strong
10  presumption against removal jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042
11  (9th Cir. 2009).  The "burden of establishing federal jurisdiction is on the party seeking removal,
12  and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v.*
13  *Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

14  A plaintiff can challenge removal with a motion to remand.  28 U.S.C. § 1447(c).  To
15  avoid remand, the removing defendant must show by a preponderance of the evidence that there
16  is complete diversity and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).
17  The court will resolve all ambiguities in favor of remand.  *Gaus v. Miles*, Inc., 980 F.2d 564, 566
18  (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

19  But even if the diversity jurisdiction requirements are met, a diversity case nonetheless
20  cannot be removed if "*any* of the parties in interest properly joined and served as defendants is a
21  citizen of the [s]tate in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).
22  This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive
23  removal defects."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

24  **III.  Discussion**

25  A.  Fraudulent Joinder

26  The court disregards fraudulently joined defendants when determining if there is
27  complete diversity.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A
28  joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant,

James C. Mahan
U.S. District Judge

- 2 -

1  and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v.*
2  *General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). If there is even a possibility that a
3  Nevada state court could find that the complaint states a claim for relief against the allegedly
4  fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46.
5  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,*
6  *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

7        Federal Rule of Civil Procedure 20 allows the permissive joinder of multiple defendants
8  in a single lawsuit when (1) a right to relief is asserted against each defendant that relates to or
9  arises out of the same transaction or occurrence or series of transactions or occurrences; and (2)
10 some question of law or fact common to all parties arises in the action. FED. R. CIV. P. 20(a)(2).
11 The rule "is to be construed liberally in order to promote trial convenience and to expedite the
12 final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake*
13 *Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "[T]he impulse is
14 toward entertaining the broadest possible scope of action consistent with fairness to the parties;
15 joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v.*
16 *Gibbs*, 383 U.S. 715, 724 (1966).

17       BANA properly joined Chicago Title in this suit. The claims against all defendants arise
18 out of the same series of transactions or occurrences and there are common questions of law or
19 fact.

20       The "same transaction prong" of Rule 20 "refers to the similarity in the factual
21 background of" the claims at issue. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).
22 Claims are part of the same transaction or occurrence if they "arise out of a systematic pattern of
23 events." *Id.* at 7.

24       BANA's relevant claims for bad faith and deceptive trade practices assert that all
25 defendants acted in concert to deny coverage under the title insurance policy. Specifically, the
26 claims posit that Chicago Nevada, under the direction of Chicago Title—itself at the direction of
27 Fidelity—denied coverage under the policy contravening the parties' expectations. *See* (ECF
28 No. 1-1 at 22–23). Even if there were separate policies at issue, the allegation is that denial of

**James C. Mahan**
**U.S. District Judge**

- 3 -

claims under those separate policies was pursuant to the same directive from the parent company, Fidelity. Thus, the "same transaction" prong of permissive joinder is met. *See Coughlin*, 130 F.3d at 1350.

Further, there are common questions of law or fact. BANA claims present questions as to whether specific insurance forms provided coverage, whether Fidelity instructed the other defendants as to those forms, and Chicago Title and Chicago Nevada wrongfully denied claims arising from the HOA sales, amongst others. These questions present more than the "single question of law or fact" necessary to permit joinder. *See Bank of Am. V. Fidelity Nat't Title Grp., Inc.*, No. 2:21-cv-00348-CDS-BNW, 2022 WL 2819847, at *6 (D. Nev. July 18, 2022).

### B. Snap Removal

Because Chicago Nevada is a properly joined forum defendant, the forum defendant rule in section 1441(b)(2) applies. The court must now consider if Chicago Title's snap removal was proper.

Snap removal is the tactic of removing a diversity case before a forum defendant has been served. The Second, Third, Fifth, and Sixth circuits endorse the tactic,[2] but the Ninth has not squarely addressed it. Snap removal is performed against the backdrop of the forum defendant rule, which "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936. Unlike jurisdictional rules, procedural rules may not be addressed *sua sponte* by the court. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005). The forum defendant rule's characterization as a procedural, rather than jurisdictional, rule has led to this new form of jurisdictional gamesmanship in litigation.[3]

Chicago Title relies on circuit cases outside the Ninth Circuit for its position, *see supra* n.2, and mentions Judge Navarro's position in this district allowing snap removal under a "plain

---

[2] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001).

[3] The ubiquity of electronic docketing has also contributed to the rise in snap removals. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving.") (emphasis added).

James C. Mahan
U.S. District Judge

- 4 -

reading" of § 1441(b)(2). *See MetLife Home Loans, LLC v. Fid. Nat'l Title Grp., Inc.*, Case No. 2:20-cv-017980-GMN-VCF, 2021 WL 4096540 at *4 (D. Nev. Sept. 8, 2021). (ECF No. 21 at 2, 6). BANA contends that the Ninth Circuit has "explicitly rejected the argument that 1441(b)…expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Preseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969).[4]

This is not the court's first say on snap removal. The court adopts its prior reasoning from *U.S. Bank Trustee*, *Wells Fargo Bank*, and *Carrington*.[5] *See U.S. Bank Trustee,* 2020 WL 7360680, *Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes *at least one party has been served.*" *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4 ("The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.").

Chicago Title forcefully asserts that this court errantly relied on *Gentile* to remand recent "snap" removed cases because *Gentile* is inconsistent with a First Circuit ruling. (ECF No. 23 at 2). Even assuming *arguendo* that this is true, the First Circuit's decisions are not binding on this court.

The court reiterates its prior reasoning that "Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants." *U.S. Bank Trustee,* 2020 WL 7360680, at *4. To the extent there is ambiguity here—including uncertainty and

---

[4] While *Preseau* did not explicitly consider "snap removal," its interpretation of § 1441(b) is instructive.

[5] The court's reasoning has been endorsed by Judges Dorsey and Gordon. *HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621.

**James C. Mahan**
**U.S. District Judge**

1  unsettled law in the Ninth Circuit—the court resolves the ambiguity in favor of remand. *Gaus*,
2  980 F.2d at 566; *Hunter* 582 F.3d 1039.

3  Accordingly, because no defendant had been served prior to Chicago Title's removal, this
4  case must be remanded.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-834244-C, and CLOSE this case.

DATED September 29, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**